```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
Joseph Vaccarino,                           :
                                            :
                Plaintiff,                  :    **Order**
                                            :
– against –                                 :    22 Civ. 6480 (LDH) (VMS)
                                            :
Commissioner of Social Security,            :
                                            :
                Defendant.                  :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
```

**Vera M. Scanlon, United States Magistrate Judge:**

The Court grants Defendant's unopposed motion for dismissal for want of prosecution for the reasons stated herein. Plaintiff Joseph Vaccarino's ("Plaintiff") appeal from the decision of the Commissioner of Social Security ("the Commissioner") is dismissed without prejudice for failure to prosecute, and the Clerk of Court is respectfully requested to close this case.

On October 27, 2022, Plaintiff, then represented by attorney Brian Konoski, filed the complaint as an appeal from the final denial of his application for Social Security Disability Insurance (SSDI) benefits and Supplement Security Income (SSI) benefits on August 25, 2022. Plaintiff alleges that he was disabled and unable to work such that he should have been granted the requested benefits. ECF No. 1 ¶¶ 6-11.

This case was originally assigned to District Judge Ann Donnelly. On November 10, 2022, Judge Donnelly issued a scheduling Order that required, inter alia, that Plaintiff file a motion for judgment on the pleadings by April 24, 2023. See ECF No. 7. Upon consent of the parties to jurisdiction by a magistrate judge, on December 12, 2022, this matter was reassigned to the undersigned. See ECF No. 9. On January 24, 2023, the Commissioner filed the certified

1

administrative record in lieu of an answer. See ECF No. 10. Plaintiff's counsel moved to withdraw from the case. See ECF No. 11. The Court gave Plaintiff an opportunity to respond to the motion to withdraw, see ECF Order 2/4/23, but Plaintiff did not respond. The Court directed counsel to supplement the motion to withdraw. See ECF Orders, 11/27/23, 2/5/24. Counsel supplemented his motion. See ECF No. 13. The Court granted Mr. Konoski's motion to withdraw on March 4, 2024. See ECF Order, 3/4/24.

In granting the motion to withdraw, the Court granted Plaintiff additional time to file the motion for judgment on the pleadings until April 26, 2024. See id. The Court's Order stated: "Plaintiff is notified that a failure to participate in this litigation either by counsel or on his own behalf may lead to the dismissal of this action." Id. Plaintiff did not timely file any motion, so the Court extended his time to file the motion until June 5, 2024. See ECF Order, 5/22/24. The Court's Order stated that, "if Plaintiff fails to serve and file the supporting memorandum of law, this case may be dismissed for want of prosecution." Id. Plaintiff did not timely file the motion, so the Court again extended Plaintiff's time to file, with the following Order:

> ORDER. The Court has now twice sua sponte extended the deadline by which the pro se Plaintiff may file a supporting brief in favor of the appeal of the decision of the Social Security Administration. See ECF Order Nos. 3/4/2024 and 5/22/2024. Plaintiff has failed to comply. This Order is Plaintiff's final extension of the time to file a supporting brief. Should Plaintiff fail to file a supporting brief by 7/31/2024, the Court is likely to dismiss this case for want of prosecution and failure to comply with the Court's Orders. If the case is dismissed, Plaintiff may not be able to appeal the Social Security Administration's decision at a later date. The Court will mail this Order to the address included in the administrative record and provided by former counsel: Joseph Vaccarino, 46-30 190th Street, Flushing, NY 11358.

ECF Order, 7/8/24. In addition, the undersigned's staff called the telephone number for Plaintiff included in the record and left a voicemail, but it did not receive a response. Plaintiff again did not file a timely motion.

2

On August 12, 2024, the Court entered the following Order:

> ORDER: On or before 8/21/2024, the Commissioner of Social Security is to serve and file a letter motion to dismiss Petitioner's appeal for want of prosecution because Petitioner has repeatedly failed to comply with the Court's Orders to file an appellate brief as is necessary for the Court to consider this Social Security appeal. The Federal Rules of Civil Procedure permit dismissal of an action upon the motion of a defendant "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). "[D]ismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations." <u>United States ex rel. Drake v. Norden Sys., Inc.</u>, 375 F.3d 248, 254 (2d Cir. 2004) (internal quotation marks & citation omitted). To determine whether dismissal for failure to prosecute is appropriate, the court must consider the five factors--none of which is dispositive--articulated in Drake: whether: (1) "plaintiff's failure to prosecute caused a delay of significant duration"; (2) "plaintiff was given notice that further delay would result in dismissal"; (3) "defendant [would] likely . . . be prejudiced by further delay"; (4) "the need to alleviate court calendar congestion" outweighs "plaintiff's right to an opportunity for a day in court"; and (5) lesser sanctions would be insufficient. <u>Id.</u> (citations omitted). The Court has repeatedly mailed Petitioner the relevant Orders and has unsuccessfully called Petitioner at the telephone number in the Court file. The Commissioner is to serve the motion to dismiss by overnight delivery and file proof of receipt by 8/26/24. Petitioner may serve and file a letter opposition to the motion to dismiss by 8/29/24. No reply is permitted unless the Court specifically requests one. Should Petitioner communicate with the Court and counsel for the Commissioner before the 8/29/24 deadline, the parties may mutually propose that the Court consider a late-filed appellate brief, and together propose a briefing schedule for the opposition and reply. If such a schedule is proposed, the Court may consider the motion to dismiss for want of prosecution to be moot. Petitioner should not expect that any of the deadlines in this Order will be amended absent a showing of good cause. As previously set forth in this Court's Order, Petitioner's failure to comply with the Court's Orders will likely lead to the dismissal of the appeal of the Social Security decision. If the appeal is dismissed, Petitioner may likely lose the opportunity to appeal the Social Security decision. The Court will mail a copy of this Order to Petitioner at the address listed on the docket.

ECF Order, 8/12/24. The Court's Orders were mailed to Plaintiff at the address available for him in the docket, and they have not been returned to the Court as undeliverable by the United States Postal Service.

The Commissioner filed the motion to dismiss for lack of prosecution on August 15, 2024. <u>See</u> ECF No. 14.

3

The Second Circuit has recognized that, pursuant to Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, sua sponte, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." Taub v. Hale, 355 F.2d 201, 202 (2d Cir. 1966). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether the plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

See Jefferson v. Webber, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014)). No single factor is dispositive. See Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994). The record must be viewed "as a whole" in order to determine whether dismissal is warranted. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (citing Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993)).

The Court now considers that motion under the standard set forth in Drake, 375 F.3d at 254 (internal citation omitted), and similar cases. All of these factors favor dismissal. First, Plaintiff has significantly delayed this action. As noted above, Plaintiff has not communicated with the Court in any way since March 4, 2024, when the Court granted Plaintiff's counsel's motion to withdraw. (Plaintiff also did not communicate with the Court prior to the withdrawal in that Plaintiff did not respond one way or another to the motion to withdraw.) Although Plaintiff was given until April 26, 2024 to file his motion with the Court, he did not. Plaintiff

4

was given additional extensions of the time to file the motion for judgment on the pleadings, but he did not. Plaintiff also has not opposed the motion to dismiss for want of prosecution. Plaintiff's failure to prosecute has thus caused a delay of significant duration.

Second, as the docket reflects, on four occasions, the Court informed Plaintiff that a failure to participate in this action would result in dismissal: March 4, 2024; May 22, 2024; July 8, 2024; and August 12, 2024. Plaintiff has thus clearly been on notice of the possible consequences of failing to communicate with the Court and participate in litigation.

Third, there is a modest prejudice to Defendant caused by Plaintiff's failure to prosecute in that the Commissioner continues to expend resources to monitor this case while it sits in limbo.

Fourth, the Court has an interest in closing cases that parties are refusing to litigate; without maintaining control over the docket, the Court's backlog could become significant. This interest does not outweigh Plaintiff's interest in a day in court, but Plaintiff has declined to exercise that right for the several months. Dismissal without prejudice adequately balances these interests in this case, by serving "the district court's need to clear its calendar without unduly penalizing a pro se litigant for failing to comply with a scheduling order." Thrall v. Cent. N.Y. Reg'l Transp. Auth., 399 F. App'x 663, 666 (2d Cir. 2010) (summary order).

Fifth, the Court has no other means through which to prompt Plaintiff's action as there appears to be no other sanction other than dismissal that will resolve this case. Given that Plaintiff's underlying claim is that he is in need of supplemental income benefits and that he filed a motion to proceed in forma pauperis in which he listed minimal income, ECF Nos. 1, 2, Plaintiff is unlikely to be able to pay any monetary sanction. Thus, dismissal is the only option left to the Court.

5

Given that these factors favor dismissal, dismissal without prejudice is warranted because of Plaintiff's neglect of his case.

The Court will mail a copy of this Order to Plaintiff Joseph Vaccarino at 46-30 190th Street, Flushing, NY 11358.  See ECF No. 11-2.

Dated: Brooklyn, NY
       September 5, 2024

*Vera M. Scanlon*
Vera M. Scanlon
United States Magistrate Judge